# THE UNITED STATES OF AMERICA *vs.* JINGIRO KOJIMA and HAYASHI, *et al.*

## March 6, 1909.

*Criminal Law—Right of speedy trial:* The prisoner, with others, was indicted within reasonable time after the alleged commission of the offense charged and a bench warrant issued, but he could not be found, and after a little over a year from the finding of the indictment, the search was given up and the warrant returned "unserved by direction of the U. S. District Attorney as to * * * Hayashi." He was eventually, incidentally, discovered and arrested on an alias warrant, about five years after the finding of the indictment, during which time. it appeared by the uncontradicted testimony of himself and his witnesses, that he was living in Honolulu and attending to his occupations as usual,—was not hiding or evading arrest, that he knew of the indictment against him and employed an adviser to look into the matter who reported that the case had been dropped as to him. The prisoner moved for his discharge on the ground that he had not been afforded a speedy trial. *Held,* that the delay of the

prosecution to arrest the defendant for whatever cause, except evasion of arrest by the latter, which did not appear, brings the case within the scope of the 6th Amendment to the Constitution, as to "speedy trial," and that to hold him to trial after such lapse of time under the circumstances, would be such a hardship and injustice as the 6th Amendment was intended to obviate.

*Criminal Law*:   Motion for discharge of defendant Hayashi on the ground that he has not been afforded a speedy trial as prescribed by the 6th Amendment to the Constitution.

*W. T. Rawlins,* Ass't. U. S. District Attorney, for the Government.

*W. S. Edings* and *C. F. Chillingworth,* for Defendant.

DOLE, J.   An indictment was found on the 19th day of November, A. D. 1903, against Jingiro Kojima and others, including this defendant Hayashi, for conspiracy.   A bench warrant was issued on the same day for the arrest of the persons charged with the conspiracy under the said indictment. Arrests were made under such warrant from time to time until March 3, 1904, and on the 23rd day of December, 1904, the marshal made the following return:   "I hereby return the within warrant unserved by directions of the U. S. District Attorney as to Kuni Fujii," and others, including Hayashi.   On the 22nd day of December, 1908, an alias warrant was issued for the arrest of Hayashi charged with conspiracy under the said indictment and he was arrested on the same day, as shown by the marshal's return.   On the 7th day of January, 1909, the said Hayashi filed a motion that the indictment be quashed as against him and he be discharged, "it appearing from the said indictment and the records in said cause that this defendant has not been afforded a speedy trial as prescribed by the Sixth Amendment to the Constitution."   Evidence was taken under this motion and argument had, the said Hayashi being represented by Mr. W. S. Edings and Mr. C. F. Chillingworth.

This case differs from the precedents under the Constitutional Amendment referred to in that this defendant, although not

called up for trial for over five years after the filing of the indictment against him, was not arrested until just before his case was moved on. The court held that if it should be shown that he was hiding subsequent to the indictment and so had evaded arrest, the motion would not be further considered, and evidence was taken on this point which showed that for the whole time since the filing of the indictment he had been living in Honolulu, where he had been engaged in business,—part of the time as a barber and part in other employments; that his business as a barber, which he says he carried on for about two years, was advertised in two of the Japanese newspapers published in Honolulu, under his name as Hayashi Yozo. The case made out by the defendant through his own testimony and that of witnesses produced by him makes a strong showing that he was engaged like other men in earning a living in Honolulu during the whole time since the finding of the indictment and up to the time of his arrest in December last, and this testimony has not been contradicted, except perhaps argumentatively by the fact that for about a year the marshal held a warrant for his arrest and could not or did not find him.

Counsel for the defendant cited the following authorities which are not directly applicable. Section 1044 of the Revised Statutes forbids the prosecution of an offense unless the indictment is found within three years after the commission of the offense. The case of *United States v. Fox,* 3 Mon. 512, lays down the usual rule that a person charged with crime must be promptly prosecuted after the government has had a reasonable time to prepare for trial. It does not apply to the circumstances of this case but contains an incident which may serve to throw some light on the principles which are here involved. The prisoner was tried twice in one term,—both trials failing,— one from a failure of the jury to agree and the other because one of the jurymen became sick and unable to attend. The case was continued for the term. At the next term the marshal of the Territory was unable to serve process by reason of the fact that Congress had failed to appropriate funds for the ex-

penses of executing process. The case therefore was continued again for the term and the prisoner thereupon applied for a writ of *habeas corpus,* which was denied, and he appealed to the Supreme Court of the Territory of Montana. The court said: "The government entirely failed to provide any means for paying the expenses of serving process, and entirely neglected and refused to procure the attendance of witnesses on the part of the prosecution. It did no more than as though these indictments had not been pending against the defendant. The prosecution was guilty of laches and a neglect of duty, in so failing and refusing to prosecute, and such failure was a denial to the defendant of his constitutional right to a speedy trial. * * * And it is not material to inquire for what reason the government failed and neglected to prosecute these indictments, or why the appropriation of money to enable marshals to serve process failed in Congress. The fact is sufficient for the purposes of this case. The prayer of the petition is granted and the petitioner discharged from imprisonment." (Pages 519-520.)

In the case before the court the prosecution failed to find and arrest the defendant and after a little over a year relinquished its efforts, and now, after about four years after such efforts were given up, the defendant is discovered incidentally and arrested, having been, so far as the evidence goes, for the whole period since the finding of the indictment, a resident of Honolulu, attending to his business like any other person. The analogy between the Montana case and this, if I am right in drawing one, is this: That whatever may be the reason for the failure to arrest the defendant, the fact remains that without any effort on his part to hide or evade arrest, the government failed to execute the warrant against him and after the period of about a year gave up looking for him, so that a period of about five years has elapsed since the finding of the indictment, during which time his ability to defend himself from the charge may be, and probably is, much prejudiced by the lapse of time during which witnesses that might have been ob-

tainable by him, may have died or have moved away and gone out of his reach or knowledge; so that a trial at the present time would seem to come within the principles of the Sixth Amendment as being the hardship and injustice which the Sixth Amendment was intended to obviate by its requirement for a speedy trial.

The point is made that the defendant knew during the period referred to that there was an indictment against him. This is admitted in the testimony and he testified that he engaged a Japanese adviser to look into the matter and paid him a fee therefor; that this man later reported to him that the case was dropped. It is not the duty of a man who is charged with a crime to take the initiative and surrender himself to the authorities; he is within his rights if he remains attending to his business as usual, and is not to be prejudiced by the fact that he has not surrendered himself, although the authorities have failed to execute the warrant for his arrest.

The motion is allowed and the defendant is discharged.